UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOAN DAWSON,

        Plaintiff,

   -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

        Defendant.
------------------------------------------------------X

**ANSWER**

07 Civ. 7024 (J. BATTS)

Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

FIRST: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

SECOND: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "2" of the Complaint, except admits that defendant Amtrak was and still is a corporation organized and existing by virtue of an act of Congress.

THIRD: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "3" of the Complaint.

FOURTH: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "4" of the Complaint.

FIFTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "5" of the Complaint, except admits that defendant Amtrak was the owner of the premises known as Penn Station, located at 33rd Street and Seventh Avenue, New York, New York.

SIXTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

SEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

EIGHTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "8" of the Complaint.

NINTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "10" of the Complaint.

ELEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "13" of the Complaint.

FOURTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "15" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

SIXTEENTH: Any injuries suffered by plaintiff were caused solely by her own

negligence and not by any negligence of the defendant Amtrak.

## SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH:  Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

## THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH:  Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

## FOURTH AFFIRMATIVE DEFENSE

NINETEENTH:  If plaintiff has sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

TWENTIETH:  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**WHEREFORE**, defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
       August 9, 2007

                                  Respectfully submitted,

                                  LANDMAN CORSI BALLAINE & FORD P.C.

                        By: _____
                                Mark S. Landman (ML 7654)
                                Attorneys for Defendant Amtrak
                                120 Broadway, 27th Floor
                                New York, New York 10271-0079
                                (212) 238-4800

TO:    LAW OFFICES OF GARY S. PARK
        Attorneys for Plaintiff
        60 E. 42nd Street, Suite 2231
        New York, N.Y. 10165
        (212) 684-1422

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

 **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

 That on the 9th day of August, 2007, deponent served the within **ANSWER**

upon

   Law Offices of Gary S. Park
   60 East 42nd Street, Suite 2231
   New York, NY 10165
   (212) 684-1422

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

           _____
             Miriam Deikun

Sworn to before me this
9th day of August 2007

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010